***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANTINI MUHA, | : |
|       Plaintiff, | : Civil Action No. 08-2142(FLW) |
| v. | : |
| | : **OPINION** |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, | : |
|       Defendant. | : |

**WOLFSON, District Judge**:

     Plaintiff Santini Muha ("Plaintiff" or "Muha") is disabled and attended college at Rutgers, the State University of New Jersey ("Defendant" or "Rutgers") from the Fall of 2002 to December 2005. She brings this action against Defendant alleging disability discrimination in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973, ("Rehabilitation Act") and the New Jersey Law Against Discrimination ("NJLAD"). In addition, Plaintiff asserts state law claims of emotional distress as a result of the alleged discrimination. Plaintiff also requests leave to amend her Complaint to include specific discriminatory acts arising out of her college graduation ceremony. In the instant matter, Defendant moves to dismiss the Complaint based upon the statute of limitations and opposes Plaintiff's proposed amendment to the Complaint. For the reasons set forth herein, Plaintiff's motion to amend is GRANTED; and Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff began her education as a full-time student at Rutgers in September 2002 and resided in an on-campus dormitory for her entire four years of education. (Plaintiff's Amended Complaint, ¶ 1, 3). Plaintiff, who is disabled and uses a wheelchair for mobility, (Id. ¶ 2), alleges that throughout her tenure at Rutgers, from the Fall of 2002 until December 2005, she (1) was denied living quarters that were accessible to her by being placed in a second story apartment which endangered her life; (2) had to be carried downstairs by other students when the elevators became inoperable; (3) was moved to a less accessible apartment; (4) was forced to miss class when the sidewalks were not cleared of snow; (5) was denied adequate handicapped parking; and (6) was denied adequate transportation because campus bus drivers did not know how to operate the chair lifts. (Id. ¶ 4). Additionally, in her proposed Amended Complaint, Plaintiff alleges that she was discriminated against by Rutgers at her graduation ceremony in May 2006 because there was inadequate handicapped parking, and that the outdoor ceremony, with its uneven grassy terrain, prevented her from independently maneuvering herself through the procession. (Id.)

Approximately three years prior to the instant suit, Plaintiff served Defendant with a Tort Claims Notice pursuant to the New Jersey Tort Claims Notice Act, N.J.S.A. 59:8-4, et seq., on March 22, 2005. On March 2, 2008, Plaintiff filed this action. Now, Defendant moves to dismiss for failure to state a claim, based on the fact that all of Plaintiff's claims are time barred by their respective statutes of limitations. In response, Plaintiff argues that the claims are subject to the continuing violation doctrine, because the discriminatory acts surrounding Plaintiff's graduation occurred in May 2006 is within the two year statute of limitations. However, because the allegations related to Plaintiff's graduation are not set forth in her original Complaint, Plaintiff moves to amend her Complaint to include them. The Court will first address Plaintiff's Motion to Amend.

**DISCUSSION**

I.    **Motion to Amend**

Plaintiff seeks to amend her Complaint to include facts surrounding the alleged discrimination at her graduation in May 2006. Indeed, Rule 15(a) states that a party may amend her pleading "once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a). At all other times, "[t]he court should freely give leave when justice so requires." Id. The decision to grant leave to amend is left within the discretion of the district court. United States v. Diversified Environmental Groups, Inc., 1990 U.S. Dist. LEXIS 17044, *1 (E.D. Pa. 1990)(citing Coventry v. U.S. Steel Corp., 856 F.2d 514, 518-521 (3d. Cir. 1988)). Courts have a liberal tendency in granting leave to amend, because the pleading is not "a game of skill in which one misstep by counsel may be decisive to the outcome." Unites States v. Hougham, 364 U.S. 310, 317 (1960). Further, the Supreme Court has stated that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of the discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., -- the leave sought should, as the rules required, be freely given." Id.

Here, Defendant contends that there is undue delay because Plaintiff was aware of the facts relating to the amended claims and should have raised those facts in her originally filed Complaint. This argument is unpersuasive. While the specific facts regarding the incidents that occurred during Plaintiff's graduation ceremony were not presented in the Complaint, Plaintiff did in fact state in the Complaint that she was enrolled in Rutgers from Fall 2002 until May 2006, and that she was

discriminated against throughout this time. Additionally, in her Affidavit attached to the Complaint, Plaintiff stated that she completed class in December of 2005, and participated in the graduation ceremony of May 2006. Although Plaintiff's inadvertence arguably caused a delay, the amount of time that has elapsed has been minimal and this case is still in its infancy. Cf. Duffy v. Charles Schwab & Co., Inc., No. 98-4595, 2001 WL 1104689, at *1 (D.N.J. Sep. 4, 2001)(a finding of undue delay was premised upon the fact that plaintiff waited <u>two and one-half year</u> to amend her claims when she was aware of the facts since the inception of the case))(emphasis added). Furthermore, there is no indication of bad faith.

As for the second factor, Defendant contends that it would suffer prejudice with the additional cost of investigating this incident. However, this argument is unfounded because there has been little to no discovery thus far in this case. Even if Defendant were to expend costs to investigate this particular incident, it would be minimal, and regardless, Defendant would still have to incur this cost if the claim had been brought at the outset. Nevertheless, the coast of investigating one additional claim is insufficient to overcome the liberality in granting motions for leave to amend.

The final factor, a lack of futility, "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In Re Burlington Coat Factories Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997). The court essentially applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). Defendant argues that even if Plaintiff were permitted to amend, she still would not be able to include her prior time-barred allegations. However, Defendant does not argue the substantive aspect of that particular claim. In fact, Defendant concedes that if Plaintiff were permitted to amend, her Complaint would be limited to the incidents surrounding the graduation ceremony in May 2006 because it occurred within the statute of limitations period. (Defendant's Reply Brief, p. 12.)

Accordingly, the Court need not address whether Plaintiff has sufficiently pled a discrimination claim based upon the alleged incidents that occurred during her graduation. For the reasons stated above, the Court finds that Plaintiff shall be permitted to amend her Complaint, to include the incidents surrounding her graduation ceremony in May 2006.

## II.     Motion to Dismiss

### A.     12(b)(6) Statute of Limitations

Defendant also moves to dismiss all of Plaintiff's claims, except for the newly added claim, based upon the fact that they are time-barred. Specifically, Defendant maintains that none of Plaintiff's allegations of discrimination prior to her graduation relate to the alleged isolated incident that occurred during Plaintiff's graduation. In a motion to dismiss under Rule 12(b)(6), the Court may dismiss plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this type of motion, "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987)(citations omitted). The Court may dismiss a claim under 12(b)(6) when there is a time bar, so long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)(citing Hanna v. United States Veterans' Administration Hospital, 514 F.2d 1092, 1094 (3d Cir. 1975)). The time bar must be apparent on the face of the complaint, or it may not be dismissed under Rule 12(b)(6). Id.

Defendant maintains, and Plaintiff does not dispute, that with the exception of the alleged graduation incident, all acts of discrimination alleged in the original Complaint fall outside of the

two-year statute of limitations. For the purposes of clarity and completeness, the Court shall recoutn the relevant statute of limitations for each of Plaintiff's claims.

Regarding Plaintiff's claims of emotional distress against Rutgers, a public entity, relevant statutory law provides:

> The claimant shall be forever barred from recovering against a public entity or public employee if: a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or b. *Two years have elapsed since the accrual of the claim*; or c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.

N.J.S.A. 59:8-8 (emphasis added). Additionally, "in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim." N.J.S.A. 59:8-9. Although the applicable statute does not specifically define "accrual," courts have generally held that a cause of action accrues "when any wrongful act or omission resulting in any injury, however slight, for which the law provides a remedy, occurs." Beauchamp v. Amedio, 164 N.J. 111, 116 (N.J. 2000) (citations omitted). The only exception to this rule of accrual is when a plaintiff was either unaware of the injury or unaware that defendant was responsible. Id. at 117.

With respect to Plaintiff's claims pursuant to the ADA and the Rehabilitation Act, it is well established that the most appropriate limitations period is the state's applicable personal injury statute of limitations. Voices for Independence, 2007 WL 2905887, *3 (W.D. Pa. 2007); see also Foster v. Morris, 2006 WL 3712949, *2 (3d Cir. 2006). New Jersey's statute of limitations for personal injury claims is two years. N.J.S.A. 2A:14-2.[1]

---

[1] The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In addition, Plaintiff alleges that Defendant violated Section 504 of the Rehabilitation Act of 1973. The Rehabilitation Act states:

Finally, the NJLAD provides a remedy for those who feel that they have been discriminated against in employment or otherwise. N.J.S.A. 10:5-13. NJLAD states that "[a]ll persons shall have the opportunity . . . to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation . . . without discrimination" based on disability. N.J.S.A. 10:5-4. Further, it prohibits "any unlawful discrimination against any person because such person is or has been at any time disabled." N.J.S.A. 10:5-4.1. The New Jersey Supreme Court has addressed the appropriate statute of limitations for NJLAD claims, determining that "a single statute of limitations should apply to all LAD claims." Montells v. Haynes, 133 N.J. 282, 286 (1993); see also Sgro v. Bloomberg, 2008 WL 918491, at *14 (D.N.J. 2008). Specifically, the Court found that "injuries under LAD are most like personal-injury claims" and that the two year statute of limitations governing personal injury claims should apply. Id.

B. **Continuing Violation Doctrine**

Notwithstanding that the two-year statute of limitations bars her claims pled in the original Complaint, Plaintiff contends that the discrimination that she suffered was so pervasive in nature that the pattern of discriminatory acts constitute a continuing violation with the last act of discrimination occurring within the statute of limitations. However, contrary to Plaintiff's assertions, the Court

---

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794 (a). The ADA and the Rehabilitation Act have been construed to be "materially identical," offering the same protections. Voices for Independence v. Commonwealth of Pennsylvania, 2007 WL 2905887, *3. The two statutes are interpreted similarly, because the ADA grants at least as much protection as is offered by the Rehabilitation Act. Doe v. County of Centre, Pennsylvania, 242 F.3d 437, 446 (3d Cir. 2001).

does not find that the alleged discriminatory acts relate to the isolated incident that allegedly occurred during Plaintiff's graduation so as to invoke the continuing violation doctrine.

The continuing violation theory applies when a plaintiff can "demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant." West v. Philadelphia Electric Company, 45 F.3d 744, 754 (3d Cir. 1995)(citing Bronze Shields, Inc. v. New Jersey Department of Civil Service, 667 F.2d 1074, 1081 (3d Cir. 1981)). The theory relies upon the fact that sometimes it is "appropriate to 'measure[] the running time of the required time period from the last occurrence of the discrimination and not from the first occurrence.'" Id. (quoting Bronze Shields, 667 F.2d at 1081). Further, the New Jersey Supreme Court has explained that "the cumulative effect of a series of discriminatory or harassing events represents a single cause of action for tolling purposes and that the statute of limitations period does not commence until the date of the final act of harassment." Wilson v. Walmart Stores, 158 N.J. 263, 273 (1999).

There are two basic requirements that must be met in the initial continuing violation analysis. First, the plaintiff must prove that at least one act occurred within the filing period. United Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977). Plaintiff in the present case has met this requirement with allegations regarding the graduation ceremony, which occurred in May 2006. However, her claims fail on the second requirement. Plaintiff must establish that the discrimination she experienced was "more than just the occurrence of isolated or sporadic acts of intentional discrimination." Jewett v. International Tel. and Tel. Corp., 653 F.2d 89, 91 (3d Cir. 1981).

In distinguishing between whether the discrimination was intermittent or an on-going pattern, the Third Circuit has followed a number of courts of appeals and adopted the three-part approach set forth in the Fifth Circuit. This Court should consider;

> (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001)(citing West, 45 F.3d at 755); see also Berry v. Board of Supervisors of Louisiana State University, 715 F.2d 971, 981 (5th Cir. 1983).

In the present case, the subject matter requirement is met because the discriminatory acts alleged by Plaintiff were based upon her disability status. However, Plaintiff fails to satisfy the second and third factors. Plaintiff alleges that during the time that she attended Rutgers, she was denied appropriate living quarters by being placed on the second floor and that she was also displaced to an apartment in which she had difficulty maneuvering. As a result, she alleges taht she had to carried downstairs each time the elevator became inoperable. Further, she complains that the sidewalk was inaccessible when it snowed and she lacked adequate transportation because the Rutgers' shuttle bus drivers were not trained to operate the chair lift. Viewing the facts in the light most favorable to Plaintiff, while these acts were arguably continuing in nature when she was a student residing at Rutgers, the period of time from Plaintiff's leaving residence at Rutgers in December 2005 and the graduation ceremony in May 2006, in which there were no complained of acts of discrimination, does not trigger the "continuing violation" exception to the limitations period. Indeed, "[t]he continuing violation theory is inapplicable to 'isolated instances of discrimination concluded in the past, even though the effects persist into the present.'" Lewis v. United Air Lines, Inc., 117 F.Supp. 2d 434, 439 (D.N.J. 2000)(citing EEOC v. Westinghouse Elec. Corp., 725 F.3d 211 (3d Cir. 1983), cert. denied, 469 U.S. 820 (1984)). Therefore, the discrete occurrence five

months later at Plaintiff's graduation ceremony is not a continuation of the alleged discriminatory treatment, which had concluded when Plaintiff left residence at Rutgers.

The third factor in the continuing violation analysis is the degree of permanence, or whether the incidents should have raised the plaintiff's awareness of his or her rights. For example, "[w]here a plaintiff has difficulty identifying when the illegal conduct occurred," he may not have been aware at that outset of the discrimination that he had a claim. Ryales v. Pilling Weck Surgical, 2002 WL 1364869, *3 (E.D. Pa. 2002) (citing Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982)). Such circumstances are considered continuous because each individual incident was insufficient to constitute a claim of discrimination on its own. See Morgan, 536 U.S. at 115. On the other hand, "[w]hen the alleged actions of the defendants are of the type that should trigger [a plaintiff's] awareness of and duty to assert his or her rights, then there is less likelihood that a continuing violation has occurred." Id. at *9; see Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 482 (3d Cir. 1997). Here, Plaintiff was certainly aware of the alleged discriminatory acts when she filed her New Jersey Tort Claims Notice in March 2005. Then, she had a duty to assert her rights after the occurrence of the alleged discriminatory act. Plaintiff's duty was especially incumbent as she alleges now in her Complaint that after the filing of the tort claims notice the alleged discriminatory behavior did not cease. This lends credence to the conclusion that the discrimination which Plaintiff alleges occurred on one day in May 2006 is discrete and isolated from the allegations made by her occurring prior to December 2005. Accordingly, Plaintiff is barred from proceeding with her claims in the original Complaint because the two-year statute of limitations under the ADA, the Rehabilitation Act, and the NJLAD has run on those claims.

As a final note, as discussed supra, the statute of limitations clearly has run on Plaintiff's state-law claim of emotional distress. Because the Tort Claim Notice that was filed on March 22,

2005 did not pertain to the graduation incident, to the extent that Plaintiff is bringing an emotional distress claim based on that incident alone, she has failed to file a tort claim notice.  See N.J.S.A. 59:8-9.  Accordingly, Plaintiff's state-law claim of emotional distress is dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, Plaintiff's claims pursuant to the ADA, the Rehabilitation Act, and the NJLAD that are premised upon the facts that allegedly took place from Fall of 2002 to December 2005 are barred by the statute of limitations.  Plaintiff's state-law claim of emotional distress is dismissed in its entirety.  However, Plaintiff is permitted to amend her Complaint to include facts regarding the alleged acts of discrimination that occurred in May 2006 during her graduation.  As such, her disability discrimination claims can only proceed with those amended facts. Plaintiff shall have ten (10) days from the date of the Order accompanying this Opinion to file her Amended Complaint consistent with this Opinion.

Dated: March 10, 2009

                                                                   /s/ Freda L. Wolfson
                                                                   Freda L. Wolfson, U.S.D.J.